UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **STEPHAN TYLER BRAGG #505515** | **CASE NO. 24-cv-433 SEC P** |
| -vs- | **JUDGE DRELL** |
| **MICHELE DAUZAT** | **MAGISTRATE JUDGE PEREZ-MONTES** |

ORDER

In a filing before the court, movant, Stephen Bragg, purports to not accept a ruling from the magistrate judge denying an evidentiary hearing. The clerk designated this filing as an appeal from the magistrate judge's order.

A magistrate judge is granted jurisdiction, powers, and temporary assignment under 28 U.S.C. § 636. Bragg contends that Magistrate Judge Perez-Montes exceeded his authority by denying Bragg's request for an evidentiary hearing regarding his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Bragg contends that his motion for an evidentiary hearing does not constitute a pretrial matter, so the magistrate judge lacked the authority to issue a ruling. Furthermore, Bragg argues that the ruling by the magistrate is dispositive.

Bragg fails to read the entirety of § 636 which under subsection (b)(1)(B) allows a judge to designate a magistrate judge to conduct hearings, including evidentiary hearings. Furthermore, § 636(b)(4) provides that "[e]ach district court shall establish rules pursuant to which the magistrate judges shall discharge their duties." Additionally, Rule 8(b) of the Rules pertaining to Section 2254 cases provides that a judge may refer to the petition to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition. In accordance

with these provisions, the undersigned directed the Clerk of Court to refer Bragg's motion for an evidentiary hearing to Magistrate Judge Perez-Montes for disposition. As such, Magistrate Judge Perez-Montes was empowered to act on the motion.

Even if Magistrate Judge Perez-Montes was not within his authority to act on Bragg's motion, we find that the denial of the motion was proper. There is nothing in Bragg's motion that warrants his motion be granted. It is a summary request rather than a showing that his "claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim show by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254.

As the instant "appeal" is improper and lacks merit, it is

ORDERED that Bragg's appeal entitled "Refuse for Cause" (Doc. 8) is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 24th day of July 2024.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT