a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEPHAN TYLER BRAGG #505515, Plaintiff | CIVIL DOCKET NO. 1:24-CV-00433 SEC P |
| VERSUS | JUDGE DRELL |
| MICHELE DAUZAT, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas under 28 U.S.C. § 2241 filed by pro se Petitioner Stephan Tyler Bragg ("Bragg"). Bragg is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He challenges his conviction and sentence in the 35th Judicial District Court, Grant Parish.

Because the Petition is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Bragg was convicted of sexual battery by a non-unanimous jury and sentenced to 45 years of imprisonment. The conviction and sentence were affirmed. *State v. Bragg*, 2018-650, p. 1 (La.App. 3 Cir. 3/7/19); 270 So.3d 710, 711. The Louisiana Supreme Court denied writs on October 1, 2019. *State v. Bragg*, 2019-00552 (La. 10/1/19); 280 So.3d 165. Bragg did not seek further review in the United States Supreme Court.

However, Bragg did file an Application for Post Conviction Relief on December 10, 2020, alleging ineffective assistance of counsel and unconstitutional conviction by a non-unanimous jury. ECF No. 1-3 at 25. The trial court denied relief. *Id.* at 26-28. Bragg's writ application was denied by the Louisiana Third Circuit Court of Appeal on December 3, 2021. *Id.* at 47-48. The appellate court noted that Bragg could not meet the standard under *Strickland v. Washington*, 466 U.S. 668 (1984), and that the requirement of a unanimous jury announced in *Ramos v. Louisiana*, 590 U.S. 83 (2020) did not apply retroactively too Bragg's case because it was not pending on appeal at the time *Ramos* was decided. *Id.* The Louisiana Supreme Court denied writs on March 28, 2023. *State v. Bragg*, 2021-01990 (La. 3/28/23); 358 So.3d 514.

While his post-conviction writ application was still pending in the Louisiana Supreme Court, Bragg filed a second Application for Post-Conviction Relief on November 14, 2022. ECF No. 1-3 at 74. Bragg alleged that ineffective assistance of appellate counsel in failing to preserve his non-unanimous verdict claim. *Id.* The application was denied. *Id.* at 105. The Third Circuit and Louisiana Supreme Court denied Bragg's writ application because the post-conviction application had been untimely filed in the trial court. ECF No. 1-3 at 218.

II. <u>Law and Analysis</u>

A. <u>Bragg's Petition is subject to screening under Rule 4 of the Rules Governing § 2254 Cases.</u>

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in

2

the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

### B. Bragg's Petition is untimely.

There is a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period sua sponte. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Bragg's conviction became final on December 30, 2019—90 days after the Louisiana Supreme Court denied writs—when his time for seeking review in the United States Supreme Court expired. *See id.*; *see also* U.S. Sup. Ct. R. 13. The limitations period commenced that date. The period was tolled while Bragg's first

post-conviction application was pending—from December 10, 2020, until March 28, 2023. ECF No. 1-3 at 25. At that point, only 20 days of the one-year limitations period remained. Thus, the limitations period expired on April 17, 2023. Bragg did not file his Petition until March 25, 2024, well after the expiration of the prescriptive period. ECF No. 1 at 19.

Although Bragg filed a second post-conviction application, which remained pending until March 12, 2024, that application was untimely filed under Louisiana law. Therefore, it does not entitle Bragg to additional tolling. *See* § 2244(d)(2); *Ott*, 192 F.3d at 512; *Pace v. DiGuglielmo*, 544 U.S. 408, 413-16 (2005) (state post-conviction application that is denied untimely is not "properly filed" within the meaning of Section 2244(d)(2) and does not toll the limitations period).

C. Bragg is not entitled to equitable tolling.

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, none exist in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To be entitled to equitable tolling, a petitioner must show diligent pursuit of rights, and that some extraordinary circumstance prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from

asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Bragg does not allege that any extraordinary circumstance prevented timely filing, and the Court finds none in the record.

### III. Conclusion

Because Bragg's Petition (ECF No. 1) is untimely and he is not entitled to equitable tolling, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit

justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    SIGNED on Tuesday, November 12, 2024.

                                                  _____
                                                  JOSEPH H.L. PEREZ-MONTES
                                                  UNITED STATES MAGISTRATE JUDGE